# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY RONCATI DOWDEN,<br><br>Plaintiff,<br><br>v.<br><br>KEITH DAVID STACY, et al.,<br><br>Defendants. | Civil Action No. 25-18073 (MAS) (RLS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon a Motion by Plaintiff Nancy Roncati Dowden ("Plaintiff"), for permission to conduct alternative service on Defendants Keith David Stacy, Michael Ross Conn, and Robyn L. Conn (collectively, "Defendants"), and for a sixty-day extension of time to complete service (the "Motion"). (Doc. No. 10). The Court has fully considered Plaintiff's written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, Plaintiff's Motion for alternative service and an extension of time is **GRANTED IN PART** and **DENIED IN PART.**

1

## I.   BACKGROUND AND PROCEDURAL HISTORY

On December 1, 2025, Plaintiff initiated this action, alleging that Defendants breached their mortgage agreement and unlawfully occupied the property located at 61D Long Beach Boulevard, Long Beach Township, Ocean County, New Jersey (Lot 4, Block 20.67) (the "Property"). (*See* Doc. No. 1 at ¶ 1). More specifically, Plaintiff provided a mortgage of the Property to Defendant Stacy through a promissory note, which required Plaintiff's consent before any transfer of ownership or occupancy of the Property. (*See* Doc. No. 1 at ¶¶ 12, 14). Plaintiff alleges that Defendant Stacy breached the provisions of the mortgage in multiple respects, including, among other things, by permitting the Conn Defendants to reside at the Property since May 2022 without her consent. (*See* Doc. No. 1 at ¶¶ 18-19, 21).

Plaintiff claims that Defendants' conduct caused financial harm, including lost profits and damage to Plaintiff's collateral. (*See* Doc. No. 1 at ¶¶ 1, 21). As such, Plaintiff asserts claims of: Breach of Mortgage as to Defendant Stacy; Enforcement of Assignment of Rents, Receiver, and Counsel Fees as to all Defendants; Mesne Profits/Unauthorized Occupancy Damages as to the Conn Defendants; Declaratory Judgment; and Equitable Relief as to Defendant Stacy. (*See generally* Doc. No. 1). With her Complaint, Plaintiff also filed a Motion for the entry of an Order to Show Cause why preliminary restraints should not be granted. (*See* Doc. No. 2).

On December 2, 2025, the Court ordered Plaintiff to serve Defendants and to "promptly notify the Court when Defendants have been served." (ECF No. 6). On

December 19, 2025, Plaintiff electronically filed a letter dated December 18, 2025, purporting to have served Defendants on December 11, 2025 by first-class mail via CaseMail—a provider "approved" by the United States Postal Service ("USPS")—at 324 Constitution Drive, Collegeville, Pennsylvania 19426, as to the Conn Defendants, and at 1626 Lois Lane, Bethlehem, Pennsylvania 18018, as to Defendant Stacy. (*See* Doc. No. 8 at ECF pp. 3-5). Upon receipt and review of Plaintiff's letter, the Court found that the attempt at service did not comply with Rule 4 of the Federal Rules of Civil Procedure. (*See* ECF No. 9). The Court, therefore, directed Plaintiff to serve Defendants in accordance with Rule 4(e) and to notify the Court once proper service has been completed. (*See* ECF No. 9).

On February 13, 2026, Plaintiff filed this Motion seeking authorization to serve Defendants through alternative means and requesting a sixty-day extension of time to complete service. (Doc. No. 10). Through the Motion, Plaintiff sets forth her futile attempts to serve Defendants at addresses located in Pennsylvania and New Jersey. (*See* Doc. Nos. 10-2, 14-16).

## A.    ATTEMPTS TO SERVE DEFENDANTS IN PENNSYLVANIA

As to Defendant Stacy, a process server attempted service on January 19, 2026 at 11626 Lois Lane, Bethlehem, Pennsylvania 18018. However, upon arrival, the server discovered that the address did not exist because all properties on that street have four-digit house numbers, and a Northampton County property records search confirmed that the address was invalid. (*See* Doc. No. 10-2, Ex. A at ECF p. 7). On January 21,

3

2026, the process server attempted service at 1636 Lois Lane, Bethlehem, Pennsylvania 18018. (*See* Doc. No. 10-2, Ex. A at ECF p. 4). She left a service card on the door, observed a notice from the mail carrier instructing that mail be stopped at the address, saw that snow had not been cleared from the property, and noticed items inside the home. (*See* Doc. No. 10-2, Ex. A at ECF p. 4). The process server returned to that address on January 22, 2026, but reported no change at the property and observed that the service card remained. (*See* Doc. No. 10-2, Ex. A at ECF p. 4). Finally, a third attempt to serve at that address was made on January 24, 2026. However, the process server reported no change at the property and was unable to confirm occupancy by speaking with neighbors. (*See* Doc. No. 10-2, Ex. A at ECF p. 4).

As to the Conn Defendants, a process server made four attempts to serve them at 324 Constitution Drive, Collegeville, Pennsylvania 19426. The first time, on January 18, 2026, no one answered the door, and the process server observed no activity. (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6). The process server returned the next day, on January 19, 2026, and observed a grey jeep with a Pennsylvania license plate in the driveway; however, no one responded to the door, so she left a service card. (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6). On January 24, 2026, the process server returned to the same address, received no answer at the door, and noted that the service card previously left had been removed. (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6).

The process server tried once more at this location on January 28, 2026. (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6). Although the lights were on inside, no one

4

responded to the door. (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6). The process server also conducted a property record search and confirmed that the Conn Defendants owned the property located in Collegeville, Pennsylvania.[1] (*See* Doc. No. 10-2, Ex. A at ECF pp. 5-6).

## B.    ATTEMPTS TO SERVE DEFENDANTS IN NEW JERSEY

Plaintiff reported in her Motion that she also attempted service on Defendant Stacy at 99B Long Beach Boulevard, Long Beach Township, New Jersey and on the Conn Defendants at the Property at issue in the litigation. (*See* Doc. No. 10-2 at ¶ 4). However, Plaintiff did not proffer any affidavits or proof of such attempts at service. The Court thus directed Plaintiff to supplement her Motion to provide such affidavits. (*See* ECF No. 11).

On March 23, 2026, Plaintiff, purporting to proceed *pro se*, submitted a supplementation to the Motion, which annexed the affidavits of non-service at the Pennsylvania locations that had already been submitted with the Motion.[2] (*See* Doc. No. 12).

---

[1] Plaintiff asserts that she mailed a copy of the Complaint, Summons, and Waiver of Service form to this address. However, the Conn Defendants did not return any signed Waiver form nor otherwise acknowledge receipt. (*See* Doc. No. 10-1 at ECF pp. 2-3; *see also* Doc. No. 8).

[2] Because Plaintiff continued to be represented by counsel in this matter, the Court directed counsel for Plaintiff to advise the Court as to the status of representation. (*See* ECF No. 13). Counsel, however, did not respond, but has since filed a letter dated April 27, 2026, indicating he continues to represent Plaintiff. (*See* Doc. No. 17).

5

Thereafter, on March 31, 2026, Plaintiff's counsel filed three additional affidavits of non-service regarding attempts to serve Defendants in New Jersey. (*See* Doc. Nos. 14-16).

As to Defendant Stacy, a process server attempted to serve him at 99B Long Beach Boulevard, Long Beach Township, New Jersey 08008 on March 24, 26, and 29, 2026. (*See* Doc. No. 14 at ECF p. 1). On all three attempts, no one responded to the door. (*See* Doc. No. 14 at ECF p. 1). The process server also took a photograph of the residence.[3] (*See* Doc. No. 14 at ECF p. 2).

The process server also made three attempts on the same dates to serve the Conn Defendants at the Property. (*See* Doc. Nos. 15-16). On attempts made on March 24 and 29, 2026, the process server reported that no one was at the residence. (*See* Doc. Nos. 15-16 at ECF p. 1). As to the second attempt on March 26, 2026, the process server stated that the home was "LOCKED UP[.]" (Doc. Nos. 15-16 at ECF p. 1). Annexed to her affidavits of non-service on the Conn Defendants are photographs of the Property. (*See* Doc. Nos. 15-16 at ECF pp. 2-3).

---

[3] According to the process server's affidavit, she avers that, on March 29, 2026, during the third attempt, "NO ONE AT DWELLING PHOTOS TAKEN[.]" (*See* Doc. No. 14 at ECF p. 1). The photograph, however, includes a superimposed date of March 24, 2026, the date of the first attempt at service. (*See* Doc. No. 14 at ECF p. 2). Considering the timing of the respective attempts, and because the photograph appears to be taken at nighttime, it appears the photograph was taken during the first attempt on March 24, 2026 in the evening.

6

## C.    THE MOTION

Having thus far failed to personally serve Defendants, Plaintiff now moves for leave to serve Defendants through alternative means.  (*See* Doc. No. 10).  Specifically, Plaintiff asks the Court to authorize service by: posting the summons and complaint at the Property and the other identified residences in Pennsylvania and New Jersey; sending the documents through overnight carrier and by certified and regular mail to the Pennsylvania and New Jersey addresses; emailing Defendants at their purported respective gmail accounts; and sending text and/or WhatsApp messages to Defendants at certain phone numbers.  (*See* Doc. No. 10 at ECF pp. 2-3; *see also* Doc. No. 10-3).  Plaintiff contends that these methods are reasonably calculated to provide Defendants with actual notice of this lawsuit and thus would satisfy due process.  (Doc. No. 10-1 at ECF p. 2).  Plaintiff also seeks an extension of sixty days to effectuate such alternative service.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4 sets forth the mechanism for effectuating service. Fed. R. Civ. P. 4.  Rule 4(e)(2) permits service on an individual in the United States by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

7

> (C) delivering a copy of each to an agent authorized by
> appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). In addition, a party may effectuate service on such an individual pursuant to applicable state law—which is New Jersey here. Fed. R. Civ. P. 4(e)(1).

New Jersey Court Rules provide that personal service is the "primary method of obtaining in personam jurisdiction over a defendant in [the] State[.]" N.J. Ct. R. 4:4-4(a). If personal service cannot be made after "diligent effort and inquiry[,]" New Jersey Court Rule 4:4-4 permits substituted or constructive service through certain methods. N.J. Ct. R. 4:4-4(b). However, if a plaintiff cannot effectuate service through any of the modes provided for under that New Jersey Court Rule, "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3).

To proceed with substituted service, however, a plaintiff must demonstrate due diligence consistent with New Jersey Court Rule 4:4-5(b). *See* N.J. Ct. R. 4:4-5(b). Diligence is a fact-sensitive inquiry "'measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (quoting *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). To satisfy the diligent inquiry requirement, courts generally require the plaintiff to follow up on information it possesses or can reasonably obtain, pursue reasonable leads, and utilize reasonably available methods to locate the defendant. *See, e.g., Mizrahi v. Anna*, No. 23-2462, 2023 WL 7273725, at *9-10 (D.N.J. Nov. 3, 2023) (denying the motion for service by email

8

where the plaintiff failed to follow up on leads from initial investigation and could have served third-party subpoenas to identify a valid address for the defendant). However, diligence "does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith*, 2016 WL 3606785, at *2.

Once due diligence is established, the Court considers whether the proposed alternate method of service comports with due process. *See* N.J. Ct. R. 4:4-4(b)(3); *H.D. Smith*, 2016 WL 3606785, at *2. Due process requires that there be "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (internal citation and quotation marks omitted). "[I]n the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (citations omitted).

Further, Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must effectuate service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). However, upon a showing of good cause for the failure to timely serve, "the court must extend the time for service for an appropriate period." *Id.*

9

## III.   DISCUSSION

Here, Plaintiff has been unsuccessful in personally serving Defendants. For the Court to grant Plaintiff leave to serve Defendants through alternative means, Plaintiff must first show that she exercised due diligence in attempting to serve them. If she has established reasonable diligence, then the Court considers whether the proposed alternate means of service comport with due process.

### A.   DUE DILIGENCE IN SERVING DEFENDANT STACY

Plaintiff has been unsuccessful at personally serving Defendant Stacy at 1636 Lois Lane, in Bethlehem, Pennsylvania or at the address in Long Beach Township, New Jersey. When the process server attempted service at the Pennsylvania address, she certified that she could not verify any occupancy at that location and noted her card as well as a mail carrier notice to stop mail remained unmoved from the property's door. (*See* Doc. No. 10-2). Notably, Plaintiff's Complaint includes as an exhibit the mortgage documents at issue. Pursuant to those documents, notices to Defendant Stacy are to be directed to 1636 Lois Lane, P.O. Box 4126, Bethlehem, Pennsylvania 18018. (Doc. No. 1 at ECF p. 30). Plaintiff also alleges that Defendant Stacy resides in Pennsylvania with a "last known . . . mailing address of P.O. Box 4126, Bethlehem, PA 18108." (Doc. No. 1 at ¶ 6). It is, thus, not clear that Defendant Stacy actually resides at 1636 Lois Lane, Bethlehem, Pennsylvania.

In addition, Plaintiff submits an affidavit of non-service for Defendant Stacy at a Long Beach Township address. However, she does not explain how she obtained

10

that address or how it may be connected to Defendant Stacy. While the process server attempted service at that location on three separate dates and at different times (7:32 p.m., 9:35 a.m., and 3:05 p.m., respectively), the process server reported that no one was at the residence. (*See* Doc. No. 14 at ECF p. 1).

To satisfy due diligence, Plaintiff must show more than just use of a process server. For example, courts have found reasonable diligence where a plaintiff employs process servers along with other inquiries, such as "skip searches," internet and property record searches, and requests with the postal service. *See, e.g., Michals v. Medina Lopez*, No. 20-6196, 2020 WL 6281648, at *2 (D.N.J. Oct. 26, 2020) (citing cases); *see also J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013) ("In short, a plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown."). This Court has declined to find due diligence even where a plaintiff states that it conducted "background searches" without describing "the steps taken obtain the defendant's current address." *Prudential Ins. Co. of Am. v. Holladay*, No. 07-5471, 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008). Rather, a plaintiff should "indicate whether or not it reviewed publicly available data bases, tax records, voting rolls, criminal history records, credit records, telephone directories, divorce records, or death records or conducted internet inquiries." *Id.* (citation omitted); *cf. Tucker v. Nault*, No. 22-4719, 2023 WL 5346603, at *2-3 (D.N.J. Aug. 21, 2023) (finding due diligence where the plaintiff confirmed the defendant's address through LexisNexis, WhitePages, and Skiptrace searches).

11

Here, as to Defendant Stacy, Plaintiff has not shown what efforts she took to locate his residence. The process server's attempts at the Pennsylvania location leads to the appearance that it is vacant. Indeed, Defendant Stacy associated that address with a P.O. Box in the mortgage documentation provided to Plaintiff. In addition, Plaintiff offers no explanation as to how Defendant Stacy may be associated with the Long Beach Township address. There is no indication that Plaintiff conducted any searches for addresses associated with Defendant Stacy. Indeed, such avenues of inquiry may reveal Defendant Stacy's address or other means of locating him. As such, Plaintiff has not sufficiently shown due diligence in attempting to serve Defendant Stacy and, thus, cannot avail herself of alternate service.

### B. DUE DILIGENCE IN SERVING THE CONN DEFENDANTS

Plaintiff's attempts to personally serve the Conn Defendants have also proven futile. She attempted to serve them, unsuccessfully, at the Constitutional Drive address in Collegeville, Pennsylvania and at the Property at issue here. Notably, Plaintiff's process server confirmed through a property record search that the Conn Defendants do indeed own the property at 324 Constitution Drive, Collegeville, Pennsylvania 19426. The process server also went to that address on four occasions and noticed signs of occupancy and activity: a car was in the driveway on one occasion; a service card had been removed; and, on one attempt, the lights were on. In contrast, the process server noticed no such similar signs of occupancy at the Property when attempting to serve the Conn Defendants there.

12

As noted above, due diligence requires more than just attempts to serve at an address. A plaintiff must show, at a minimum, the efforts undertaken to search for and confirm a defendant's location. Here, Plaintiff was reasonably diligent in attempting to serve the Conn Defendants. Plaintiff confirmed their ownership of the residence in Collegeville and her process server's affidavits reflect that, despite what appeared to be signs of occupancy, she received no responses at the door or to the service card. It appears that the Conn Defendants may be evading service.

## C.    ALTERNATIVE SERVICE

Because Plaintiff established due diligence in her efforts to serve the Conn Defendants, the Court next considers whether her proposed methods of alternative service comport with due process.[4] Plaintiff seeks to serve the Conn Defendants through the following alternative means:

- Posting the Summons and Complaint at the Property and the Collegeville location;

- Sending the Summons and Complaint through overnight courier (signature required) and certified plus regular mail to the Property and the Collegeville location;[5]

---

[4] In contrast, Plaintiff did not establish due diligence as to Defendant Stacy. Therefore, the Court limits the application of due process to only those alternative means sought as to the Conn Defendants.

[5] Plaintiff seeks to use this method for "all known residential and business addresses." (Doc. No. 10 at ¶ 1). However, Plaintiff does not identify any known business addresses for any of the defendants. Accordingly, the Court addresses Plaintiff's request only as to residential addresses.

13

- Emailing the Summons and Complaint to gmail.com accounts purportedly associated with Michael Conn and Robyn Conn; and/or

- Texting the Summons and Complaint "to Defendants' verified mobile numbers identified" in the Notice of Motion via text, iMessage, or WhatsApp.

(*See* Doc. Nos. 10, 10-3).

To comport with due process, the proposed method of alternative service must give "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. "'[C]ourts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email.'" *Cordova v. Breezy Point Inc.*, No. 19-15442, 2020 WL 133034, at *3 (D.N.J. Jan. 13, 2020) (quoting *Rio Properties, Inc. v. Rio Intern'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

Courts have found that service through certified and regular mail comport with due process where the mailing is directed to a location known to be associated with the defendant. *See, e.g., id.; see also Tucker*, 2023 WL 5346603, at *3 (finding service through first-class and certified mail to defendant's last known address satisfied due process). Notably, New Jersey Court Rule 4:4-3 permits a party to effectuate service of a Summons and Complaint through specified mailing methods:

> If personal service cannot be effected after a reasonable and
> good faith attempt, which shall be described with specificity

14

in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

N.J. Ct. R. 4:4-3(a).

Under these circumstances, Plaintiff has confirmed that the Conn Defendants own the property in Collegeville, Pennsylvania and that it is occupied. Plaintiff also alleges that the Conn Defendants may be found at the Property in New Jersey, as it is the crux of this dispute. Service through certified mail, return receipt requested, and regular mail would reasonably provide the Conn Defendants sufficient notice and an opportunity to defend themselves in this matter and thus comports with due process. Because the Court finds this alternative means of service to be sufficient, the Court declines to address Plaintiff's other proposed means of service.[6]

---

[6] The Court notes that Plaintiff has not provided any information to confirm that the referenced email addresses and telephone numbers are actually associated with Defendants or that they remain active. (*See* Doc. No. 2-2, Ex. A at ECF p. 27 (attaching text messages dated from January and February 2022)). *See Menon v. Corbett*, No. 21-8384, 2023 WL 4946972, at *3 (D.N.J. Aug. 3, 2023) (recognizing that service by email comports with due process when the plaintiff proffers "some facts indicating that the

15

### D.    EXTENSION OF TIME TO SERVE

Plaintiff also seeks an extension of time to serve the Summons and Complaint on Defendants. The Federal Rules of Civil Procedure require a plaintiff to serve the summons and complaint on defendants within 90 days of filing. Upon a showing of good cause for failing to timely effectuate service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). To determine if good cause exists, a court considers any prejudice caused by late service as well as the reasonableness of any efforts to serve. *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.ed 1086, 1097 (3d Cir. 1995). "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, Plaintiff initiated this action on December 1, 2025, requiring her to effectuate service by March 1, 2026. *See* Fed. R. Civ. P. 4(m). Before filing the instant Motion, Plaintiff made numerous attempts to serve Defendants in Pennsylvania well before the March 1, 2026 deadline.[7] Plaintiff has made reasonable efforts to meet the deadline, including the filing of this Motion well before the deadline lapsed. Moreover,

---

person to be served would be likely to receive the summons and complaint at the given email address" (internal quotation marks and citation omitted)); *Isaac v. Defendant 1*, No. 25-1325, 2025 WL 3771276, at *4-5 (D.N.J. Dec. 30, 2025) (denying alternative service via WhatsApp where the plaintiff failed to investigate or verify the defendant's connection to the number).

[7] Plaintiff attempted service on Defendants in New Jersey after the deadline in response to the Court's March 13, 2026 Text Order. However, Plaintiff timely filed its Motion seeking to the deadline to effectuate service before March 1, 2026. The Court finds the factors in favor of extending time outweigh the delayed service attempts in New Jersey.

there is no indication that any prejudice to Defendants would result by delayed service. As such, good cause exists to grant Plaintiff an additional sixty days from the date of this Memorandum Opinion and Order to effectuate service on Defendants.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff failed to establish due diligence in attempting to serve Defendant Stacy such that alternative means of service may be pursued at this time. Nevertheless, Plaintiff has adequately shown due diligence in attempting to serve the Conn Defendants. In addition, serving the Conn Defendants through certified mail, return receipt requested, and regular mail to the Collegeville location and the Property comports with due process. To permit Plaintiff to effectuate alternative service on the Conn Defendants and to establish due diligence as to service on Defendant Stacy, the Court finds good cause to extend the time within which Plaintiff must serve all Defendants.

Accordingly, for good cause shown,

**IT IS** on this **22d** day of **May 2026** hereby

**ORDERED** that Plaintiff's Motion for Alternative Service and an Extension of Time to Complete Service is **GRANTED in part** to the extent it seeks to serve Defendants Michael and Robyn Conn at 324 Constitution Drive, Collegeville, Pennsylvania 19426, and at 61D Long Beach Boulevard, Long Beach Township, New Jersey 08008 via certified mail, return receipt requested, and regular mail and to the

extent it seeks to extend the time to effectuate service on all Defendants for a period of sixty days of the entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff's Motion for Alternative Service as to Defendant Stacy is hereby **DENIED without prejudice.** Plaintiff may renew her motion as to Defendant Stacy upon a showing of having exercised due diligence in effectuating service on him consistent with Federal Rule of Civil Procedure 4; and it is further

**ORDERED** that Plaintiff shall deliver the Summons and Complaint, the Motion for an Order to Show Cause, and this Memorandum Opinion and Order to Defendants Michael and Robyn Conn at 324 Constitution Drive, Collegeville, Pennsylvania 19426, and at 61D Long Beach Boulevard, Long Beach Township, New Jersey 08008 via certified mail, return receipt requested, and regular mail; and it is further

**ORDERED** that Plaintiff's deadline to effectuate service on all Defendants is hereby extended to sixty days of the date of the entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff shall electronically file proof of service once effectuated; and it is further

18

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 10.

**SO ORDERED**.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE