**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NANCY RONCATI DOWDEN,<br>Plaintiff,<br>v.<br>KEITH DAVID STACY, *et al.*,<br>Defendants. | Civil Action No. 25-18073 (MAS) (RLS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Nancy Roncati Dowden's ("Plaintiff") Emergency Motion (the "Emergency Motion") (ECF No. 44) seeking "immediate determination upon the completed papers," including the parties' responses to the Court's September 22, 2026, Order to Show Cause (the "OTSC") (ECF No. 41). Defendants Michael Ross Conn and Robyn L. Conn (the "Conns") responded to the OTSC (ECF No. 43) and opposed the Emergency Motion (ECF No. 46). Plaintiff replied to the Conns' opposition (ECF No. 47). The third defendant in this case, Defendant Keith David Stacy ("Stacy," and collectively with the Conns, "Defendants"), has not responded to Plaintiff's Complaint.[1] The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

This action concerns the property at 61D Long Beach Boulevard, Long Beach Township, Ocean County, New Jersey (the "Property"), which Plaintiff "sold to Stacy as part of an agreement to share in the profits of the resale of the [P]roperty to a third party," and which the Conns

[1] On September 1, 2026, at Plaintiff's request, the Clerk's Office entered default against Stacy for his failure to timely respond to the Complaint. (ECF No. 37.) Plaintiff has not moved for default judgment against Stacy.

subsequently occupied and then purchased from Stacy. (Compl. ¶¶ 9-10, 17-18, 27, ECF No. 1.) Plaintiff alleges that, in connection with her sale of the Property to him, Stacy executed a promissory note in favor of Plaintiff, secured by a mortgage on the Property that Stacy also executed in favor of Plaintiff. (*Id.* ¶¶ 10-12.) Plaintiff alleges that Stacy breached the terms of that mortgage by, among other things: (1) transferring possession of the Property to the Conns in 2022 (rent-free) without Plaintiff's written consent; and (2) selling the Property to the Conns for less than the fair market value in 2025. (*See id.* ¶ 36.) Plaintiff alleges that the Conns "occupied and controlled the Property without paying fair-market rent, [thereby] diverting the rental value and impairing Plaintiff's collateral." (*Id.* ¶ 21.) As a result, Plaintiff alleges, the Conns "are liable in mesne profits/use-and-occupancy damages measured by fair-market weekly rent for their exclusive use, from May 27, 2022[,] through judgment." (*Id.* ¶ 51; *see also id.* ¶ 48.)

Plaintiff commenced this action on December 1, 2025, by filing: (1) her Complaint; and (2) a motion seeking, among other relief, a temporary restraining order, a court order setting a "prompt preliminary-injunction/receivership hearing[,]" and an order requiring Defendants to pay "weekly rent at $75,000" (the "Temporary Relief Motion"). (Pl.'s Temporary Relief Mot. 22-23, ECF No. 2.) The next day, the Court ordered Plaintiff to serve Defendants. (ECF No. 6.) On May 26, 2026, the Court administratively terminated Plaintiff's Temporary Relief Motion pending proof of service on Defendants. (ECF No. 19.) On June 29, 2026, the Conns filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure[2] 12(b)(6).

On September 22, 2026, following the parties' briefing on the Conns' motion to dismiss, the Court issued the OTSC, which noted that the parties are engaged in a parallel state court action in the Superior Court of New Jersey, Ocean County, and that the state court entered a final order

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

on September 15, 2026, dismissing Plaintiff's amended complaint with prejudice for failure to prosecute. (OTSC 1 (citing Sep. 15, 2026, Order Dismissing Am. Compl., *Dowden v. Stacy*, No. OCN-L-1411-22 (N.J. Super. Ct. L. Div.).[3]) The Court ordered Plaintiff to show cause in writing as to why her Complaint here "should not be dismissed with prejudice on the grounds that her claims are barred by the doctrines of res judicata, collateral estoppel, and/or the New Jersey entire controversy doctrine." (*Id.* at 3.) Plaintiff responded to the OTSC on October 6, 2026. (Pl.'s Resp. to OTSC, ECF No. 42.) The Conns responded on October 20, 2026. (Defs.' Resp. to OTSC, ECF No. 43.)

Plaintiff then filed this Emergency Motion requesting a court order "discharging [the OTSC], rejecting the preclusion grounds advanced in [the Conns' response to the OTSC], restoring [the Temporary Relief Motion] to the active docket, and granting [the Temporary Relief Motion]." (Pl.'s Not. of Emergency Mot., ECF No. 44; *see also* Pl.'s Moving Br. i, ECF No. 44-1; Pl.'s Proposed Order, ECF No. 44-4.) Plaintiff asserts that this immediate determination is necessary because "Plaintiff is [eighty-nine] years old and disabled[, and] [h]er [Connecticut] home is in foreclosure."[4] (Pl.'s Not. of Emergency Mot.) The Court will address the OTSC and Plaintiff's Temporary Relief Motion in turn.

After considering the parties' briefing on the preclusion issues, the Court denies Plaintiff's Emergency Motion with regard to the OTSC and dismisses her claims against the Conns because

---

[3] The Court may "take judicial notice of [a] state court['s] proceedings, which are a matter of public record." *See McDonald v. Jones*, 427 F. App'x 84, 85 n.1 (3d Cir. 2011).

[4] Plaintiff's Connecticut home and pending foreclosure are not at issue in this matter.

they are barred by New Jersey's entire controversy doctrine.[5] "The entire controversy doctrine compels . . . parties, when possible, to bring all claims relevant to [an] underlying controversy in one legal action." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011). When the Court finds that a relevant claim has not been joined under the original action, that claim is barred. N.J. Ct. R. 4:30A. This is true even in federal courts; this Court "must give the same preclusive effect to a state-court judgment as another court of that [s]tate would give." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (citation modified).

"Rooted in 'the principle that the adjudication of a legal controversy should occur in one litigation in only one court,' . . . the [doctrine] . . . precludes not only claims which were actually brought in previous litigation[] but also claims that could have been litigated in the previous litigation." *Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 253 (3d Cir. 2016) (citation omitted); *see also Batista v. Wells Fargo Bank N.A.*, No. 25-19131, 2026 WL 2906450, at *7 (D.N.J. Sep. 28, 2026) ("The doctrine pertains to 'virtually all causes, claims, and defenses relating to a controversy.'" (citation omitted)). The doctrine's objectives "are threefold: (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple[,] and duplicative litigation." *Joel v. Morrocco*, 688 A.2d 1036, 1037 (N.J. 1997). "As an equitable doctrine, its application is flexible, with a case-by-case appreciation for fairness to the parties." *Martinez*, 664 F. App'x at 253 (citing *Paramount Aviation Corp. v. Gruppo Agusta*, 178 F.3d 132, 135 (3d Cir. 1999)).

[5] Because the Emergency Motion seeks a determination on the OTSC, which concerned the Conns' Motion to Dismiss, the Court addresses whether the claims against the Conns, not against Stacy, are precluded.

New Jersey preclusion law, like federal law, has three requirements: (1) a final judgment on the merits; (2) the prior suit involved the same parties or their privities; and (3) "the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." *Williams v. Litton Loan Servs.*, 788 F. App'x 819, 822 (3d Cir. 2019) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)). Here, all three requirements are met.

First, the state court order dismissing Plaintiff's amended complaint with prejudice is a final judgment on the merits.[6] *See Argen v. Att'y Gen. N.J.*, No. 21-2571, 2022 WL 3369109, at *5 n.17 (3d Cir. Aug. 16. 2022) (explaining that a final judgment on the merits is "any dismissal with prejudice" (citation omitted)); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (explaining that "[a] dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect"). Second, the state court action involved the same plaintiff and defendants.[7] (*Compare* Compl. ¶¶ 5-7, *with* Aug. 7, 2024, Am. Compl. ¶¶ 7-9, *Dowden v. Stacy*, No. OCN-L-1411-22 (N.J. Super. Ct. L. Div.) (the "State Court Am. Compl.").)

Third, Plaintiff's claims here grow from the same transactions or occurrences as the claims in the first action. Namely, Plaintiff's sale of the Property to Stacy "as part of an agreement to share in the profits of the resale of the [P]roperty to a third party"; Stacy's rental of the Property

[6] In addition to the September 15, 2026, order dismissing Plaintiff's complaint with prejudice, the state court also previously issued an order granting summary judgment for the Conns. (*See* Jan. 30, 2026, Order Granting the Conns' Mot. for Summary J., *Dowden v. Stacy*, No. OCN-L-1411-22 (N.J. Super. Ct. L. Div.)); *Campbell v. Township of North Brunswick*, No. 23-1167, 2024 WL 578810, at *9 (D.N.J. Feb. 13, 2024) (finding that an order from the New Jersey Superior Court granting summary judgment is a final judgment for preclusion purposes (citing *Est. of Hanges v. Metro. Prop. & Cas. Ins.*, 997 A.3d 954, 963 n.8 (N.J. 2010))).

[7] The fact that Plaintiff named additional defendants in the state court action is of no consequence here. Plaintiff points to no authority establishing that the parties in the prior action must be limited to the parties in the subsequent action. (*See generally* Pl.'s Resp. to OTSC.)

to the Conns, starting May 27, 2022; the Conns' occupancy of the Property; and the final sale of the Property in 2025 for less than market value. (Compl. ¶¶ 10, 18, 21, 26-27, 50-54; State Court Am. Compl. ¶¶ 2-3, 8, 94, 110-11, 121, 152, 186, 193-95; Ex. A to Defs.' Response to OTSC, ECF No. 43-1; *see* Pl.'s Response to OTSC 35-36); *see Coleman*, 446 F. App'x at 471-72 (stating that when considering if claims are part of the same controversy, courts look to whether the claims "arise from related facts or from the same transaction or series of transactions" (citation omitted)). Plaintiff's claims against the Conns in the state court action focused on their "unauthorized [u]se and [o]ccupancy" of the Property (*see, e.g.*, State Court Am. Compl. ¶¶ 110-11, 121, 152)—this is the foundation of Plaintiff's claims against them here, too.

The Conns assert that: "In [state court] Plaintiff characterized [Defendants'] conduct as fraud and conspiracy. . . . Here, she characterized the same conduct as a default under the mortgage. . . . But the names of the claims do not matter." (Defs.' Resp. to OTSC 6.) The Court agrees. *See Campbell*, 2024 WL 578810, at *9 ("The entire controversy doctrine precludes claims even when they are 'separate and independently cognizable causes of action.'" (citation modified)).

Plaintiff, moreover, knew the facts pertinent to her claims against the Conns when she litigated her state court action. As she alleges in her Complaint here, all the parties have known of Plaintiff's mortgage and its requirements since April 10, 2018, when it was publicly recorded. (Compl. ¶ 16.) By the time she filed her amended state court complaint in August 2024, adding the Conns as defendants, Plaintiff knew that Stacy had granted the Conns permission to use and occupy the Property without her written consent, contrary to the mortgage terms. Plaintiff,

therefore, could have brought the claims in this action in her state court proceeding.[8] *See Martinez*, 664 F. App'x at 253 (stating that the entire controversy doctrine bars claims a plaintiff could have brought in the prior action); *see also Chrystal v. N.J. Dep't of Law & Pub. Safety*, 535 F. App'x 120, 124 n.5 (3d Cir. 2013) (noting that the doctrine "applies to constituent claims that arise during the pendency of the first action that were known to the litigant" (quoting *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 529 (N.J. 1995))).

But not only *could* Plaintiff have brought these claims in state court, she *did* bring these claims. In state court, Plaintiff sought "[t]he fair value of the Conns' improper use, occupancy and holding of the property . . . based on current market values . . . with all outstanding interest thereon"—the same relief she seeks here. (*Compare* State Court Am. Compl. ¶ 194, *with* Compl. ¶ 51.) Further, Plaintiff challenged in state court Stacy's and the Conns' September 2025 sale of the Property by filing, among other materials: (1) "an emergency application to enjoin the closing on the [Property]"; and (2) a notice of lis pendens. (Ex. E to Defs.' Resp. to OTSC, ECF No. 43.)[9] Finally, on December 30, 2025, Plaintiff filed a cross-motion for summary judgment against the Conns in state court, wherein she raised exactly the mortgage-based arguments she raises in this action. (*See* Ex. B to Defs.' Resp. to OTSC 32-38, ECF No. 43-2.) Because Plaintiff's claims against the Conns are barred by the entire controversy doctrine, the Court dismisses them.

---

[8] Plaintiff, in fact, admits that her claims accrued before she filed her state court action by arguing that: "The May 27, 2022[,] default [(i.e., Stacy's renting the Property to the Conns without Plaintiff's consent)] . . . vested the assigned rents, issues, and profits by operation of the parties' recorded agreement." (Pl.'s Resp. to OTSC 38.)

[9] In seeking preliminary injunctive relief to stop the closing, Plaintiff expressly noted that the mortgage was at issue in that case, stating that the instrument "is not a separate mortgage to be routinely satisfied at closing" and instead "arises directly from [the] joint venture agreement" that she asserts grounds her state court action. (Ex. E to Defs.' Resp. to OTSC.) She then highlighted the alleged breaches of that mortgage for the state court. (*Id.*)

To the extent the Emergency Motion seeks adjudication of Plaintiff's request for temporary injunctive relief, the Court finds that Plaintiff is not entitled to such relief. "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). A court may grant a preliminary injunction or temporary restraining order if a party establishes that: (1) "[she is] likely to succeed on the merits of [her] claims"; (2) "[she is] likely to suffer irreparable harm without relief"; (3) "the balance of harms favors [her]"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, [the C]ourt then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (stating that preliminary injunctive relief is not appropriate "[a]bsent either of those threshold factors" (citation omitted)).

Here, Plaintiff has not met her burden on the second threshold factor, a showing that she will suffer irreparable harm absent injunctive relief. Plaintiff seeks "lost profits, damages, fees[,] and costs" in this action. (Compl. ¶ 1; *see generally* Pl.'s Temporary Relief Moving Br. 11-12, ECF No. 2-2.) And it is well established that economic injuries alone generally cannot satisfy the irreparable harm requirement. *See, e.g.*, *Arro-Mark Co. v. Warren*, No. 22-6663, 2024 WL 1328045, at *3 (D.N.J. Mar. 28, 2024) ("Economic loss does not constitute irreparable harm." (quoting *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994))). Plaintiff acknowledges that she seeks monetary damages but argues that the harm is irreparable because of her advanced

age. (Pl.'s Temporary Relief Moving Br. 11-12.) Plaintiff, however, cites just one case to support her claim, "*In re Kowalski*, 201 F. Supp. 2d 146, 150 (D. Conn. 2002)[,]" and that case does not appear on Westlaw or Lexis. (*See id.*) The citation "201 F. Supp. 2d 146" belongs to a case from the District of Columbia that does not discuss whether a plaintiff's age should be considered on a motion for a preliminary injunction. *See Cobell v. Norton*, 201 F. Supp. 2d 145 (D.D.C. 2002). While the Court sympathizes with Plaintiff, she has not shown that she meets the threshold requirement of likely irreparable harm, and her Temporary Relief Motion is therefore denied. *Mallet & Co.*, 16 F.4th at 380.

Accordingly,

**IT IS**, on this 16th day of November 2026, **ORDERED** as follows:

1. Plaintiff's Emergency Motion (ECF No. 44) is **DENIED.**
2. The Clerk of Court shall reinstate Plaintiff's Temporary Relief Motion (ECF No. 2) and the Conns' Motion to Dismiss (ECF No. 22).
3. Plaintiff's Temporary Relief Motion (ECF No. 2) is **DENIED.**
4. The Conns' Motion to Dismiss (ECF No. 22) is **GRANTED.**
5. Plaintiff's claims against the Conns are **DISMISSED WITH PREJUDICE.**

[signature]

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**